No. 22-51113

# In the United States Court of Appeals For the Fifth Circuit

---

**Natin Paul; World Class Holding Company, L.L.C.; World Class Holdings Management, L.L.C.,**

Plaintiffs–Appellants

**v.**

**Rani A. Sabban, Investigator; Texas State Securities Board, in his individual capacity; Preston Joy, Special Agent, Federal Bureau of Investigation, in his individual capacity,**

Defendants–Appellees

---

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Civil Action No. 1:21-CV-954
Hon. Lee Yeakel Presiding

---

## APPELLEE RANI SABBAN'S BRIEF

---

D. Todd Smith
todd.smith@butlersnow.com
BUTLER SNOW LLP
1400 Lavaca Street Suite 1000
Austin, Texas 78701
(737) 802-1800

Randy T. Leavitt
randy@randyleavitt.com
LAW OFFICES OF RANDY T. LEAVITT
1301 Rio Grande
Austin, Texas 78701
(512) 476-4475

Counsel for Appellee Rani Sabban

No. 22-51113

**Natin Paul; World Class Holding Company, L.L.C.;
World Class Holdings Management, L.L.C.,**

Plaintiffs–Appellants

v.

**Rani A. Sabban, Investigator; Texas State Securities Board,
in his individual capacity; Preston Joy, Special Agent,
Federal Bureau of Investigation, in his individual capacity,**

Defendants–Appellees

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

| **Plaintiffs–Appellants:** | **Counsel:** |
| --- | --- |
| Natin Paul | Jose Vela and Anne Marie Laney Hill of Clark Hill PLC |
| World Class Holding Company, L.L.C. | |
| World Class Holdings Management, L.L.C. | |

| Defendants–Appellees: | Counsel: |
|---|---|
| Rani A. Sabban<br>Investigator<br>Texas State Securities Board | D. Todd Smith of Butler Snow LLP; Karson K. Thompson, formerly of Butler Snow LLP; and Randy T. Leavitt of the Law Offices of Randy T. Leavitt |
| Preston Joy<br>Special Agent<br>Federal Bureau of Investigation | Juliana MacPherson Barrett of the U.S. Department of Justice, Civil Division; and David Gregory Cutler, formerly of the U.S. Department of Justice, Civil Division |

*/s/D. Todd Smith*
Attorney of Record for Appellee
Rani Sabban

## STATEMENT REGARDING ORAL ARGUMENT

Sabban does not believe this case merits oral argument. The record is small, and the legal principles involved are straightforward. If the Court desires oral argument, Sabban stands ready and requests the opportunity to participate.

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................2

Statement Regarding Oral Argument .....................................3

Table of Authorities...............................................................6

Statement of Issues ...............................................................9

    1.    Did Paul waive any error in the district court's judgment by failing to contest lack of plausibility as an independent ground for affirmance?

    2.    Should the district court's judgment be affirmed on the statute of limitations when Paul has shown no error in the implicit denial of his motion for leave to amend and the face of the complaint reveals that Paul sued beyond the two-year limitations period?

    3.    If reached, should the district court's judgment be affirmed because Paul has shown no valid *Bivens* claim and pleaded insufficient facts to overcome qualified immunity?

Statement of the Case ...........................................................9

Summary of Argument..........................................................11

Argument...............................................................................13

    I.    Paul Waived Any Error in the District Court's Judgment by Failing to Contest Lack of Plausibility as an Independent Ground for Affirmance............................14

    II.    The District Court's Judgment Should Be Affirmed on the Statute of Limitations....................................16

        A.    Paul Has Shown No Error in the Implicit Denial of His Motion for Leave to Amend the Complaint...................................................16

B.  The Face of the Complaint Reveals That Paul Brought Suit Beyond the Two-Year Limitations Period. ........................................................................ 17

III.  The Record Supports Affirmance on Two Other Grounds. ................................................................. 22

A.  Appellants' *Bivens* Claims Fail as a Matter of Law. ........................................................................ 22

B.  Dismissal Was Proper Based on Qualified Immunity ................................................................... 25

Conclusion ............................................................................. 26

Certificate of Service ........................................................... 26

Certificate of Compliance .................................................... 27

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................. 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................. 12

*Benfield v. Magee*,
  945 F.3d 333 (5th Cir. 2019) ......................................... 12, 24

*Bivens v. Six Unknown Named Agents of Federal*
  *Bureau of Narcotics*,
  403 U.S. 388 (1971) ...................................................... *passim*

*Brown v. Nationsbank Corp.*,
  188 F.3d 579 (5th Cir. 1999) ......................................... 16, 17

*Byrd v. Lamb*,
  990 F.3d 879 (5th Cir. 2021) ........................................... 9, 23

*Canada v. United States*,
  950 F.3d 299 (5th Cir. 2020) ............................................... 22

*Cantu v. Moody*,
  933 F.3d 414 (5th Cir. 2019) .................................. 21, 22, 23

*Davis v. United States*,
  961 F.2d 53 (5th Cir. 1991) ................................................. 15

*Egbert v. Boule*,
  142 S. Ct. 1793 (2022) ......................................................... 22

*George v. SI Grp., Inc.*,
  36 F.4th 611 (5th Cir. 2022) ............................................... 13

*Humphreys v. City of Ganado, Tex.*,
  467 Fed. App'x 252 (5th Cir. 2012) .................................... 18

*Jaramillo v. Renner,*
   697 Fed. App'x 326 (5th Cir. 2017) ...................................................... 18

*Lampkin v. UBS Fin. Servs., Inc.,*
   925 F.3d 727 (5th Cir. 2019) ................................................................ 15

*Martin K. Eby Const. Co. v. Dallas Area Rapid Transit,*
   369 F.3d 464 (5th Cir. 2004) ................................................................ 14

*McClendon v. City of Columbia,*
   305 F.3d 314 (5th Cir. 2002) ................................................................ 24

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985) .............................................................................. 24

*Moore v. McDonald,*
   30 F.3d 616 (5th Cir. 1994) ........................................................... 17, 18

*Oliva v. Nivar,*
   973 F.3d 438 (5th Cir. 2020) ................................................... 21, 22, 23

*Piotrowski v. City of Houston,*
   51 F.3d 512 (5th Cir. 1995) .......................................................... 16, 17, 18

*Rogers v. Boatright,*
   709 F.3d 403 (5th Cir. 2013) ................................................................ 16

*Snapt Inc. v. Ellipse Commc'ns Inc.,*
   430 F. App'x 346 (5th Cir. 2011) .......................................................... 14

*Stringer v. Town of Jonesboro,*
   986 F.3d 502 (5th Cir. 2021) ................................................................ 12

*Terwilliger v. Reyna,*
   4 F.4th 270 (5th Cir. 2021) .................................................................. 24

*U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.,*
   761 F.3d 409 (5th Cir. 2014) ................................................................ 14

*United States v. Thibodeaux,*
   211 F.3d 910 (5th Cir. 2000) ................................................................ 14

*Wallace v. Kato,*
  549 U.S. 384 (2007) ................................................................ 17, 19, 20

*Wilen v. City of San Antonio,*
  20 F.3d 466 (5th Cir. 1994) ................................................................ 15

## Statutes and Rules

42 U.S.C. § 1983 ................................................................ 15

Fed. R. App. P. 28(a)(9) ................................................................ 15

## STATEMENT OF ISSUES

1.    Did Paul waive any error in the district court's judgment by failing to contest lack of plausibility as an independent ground for affirmance?

2.    Should the district court's judgment be affirmed on the statute of limitations when Paul has shown no error in the implicit denial of his motion for leave to amend and the face of the complaint reveals that Paul sued beyond the two-year limitations period?

3.    If reached, should the district court's judgment be affirmed because Paul has shown no valid *Bivens* claim and pleaded insufficient facts to overcome qualified immunity?

## STATEMENT OF THE CASE

This is a federal civil rights case arising from the alleged execution of multiple search warrants on August 17, 2019. According to the complaint, searches were conducted on that date of eight properties owned or controlled by Plaintiffs–Appellants Natin Paul, World Class Holding Company, LLC, and/or World Class Holdings Management, LLC (collectively, "Paul"). ROA.10. Those searches were allegedly carried out by Sabban, Defendant-Appellee Preston Joy, and other unidentified

individuals. *Id.* Paul alleged all these individuals were acting, at all times, under color of both federal and state law. *Id.* at 9.

Paul sued because he claimed the search warrants were obtained through the submission of an affidavit, signed by Sabban, that contained "false material statements" and "omitted material facts." ROA.9. The complaint identifies no statements, true or false, in the affidavit, and describes no facts, material or immaterial, included in or omitted from the affidavit. Paul also alleged there was no probable cause to conduct these searches. *Id.* at 10. The complaint identifies no factual circumstances surrounding the affidavit, the search warrants, the apparent criminal investigations, or the existence (or lack) of probable cause. Finally, Paul alleges the defendants detained him and seized and damaged his property. *Id.* The complaint provides no details surrounding this alleged detention or identify any specific property seized or damaged.

Paul brought four causes of action arising from this common base of allegations. He brought two *Bivens*[1] claims: one for unreasonable

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is "an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021).

search and seizure under the Fourth Amendment, and one for uncompensated takings under the Fifth Amendment. ROA.12-14. He also asserts those same claims again under 42 U.S.C. § 1983.[2] ROA.15-17.

Both defendants sought dismissal under Rule 12(b)(6). ROA.68, 105. On September 23, 2022, the magistrate judge issued a report and recommendation, concluding that Paul's complaint was filed more than two months after the limitations period ended. ROA.352, 355. Based on this conclusion, the magistrate judge recommended that the district court dismiss all of Paul's claims as untimely filed. *Id.* at 355.

Paul moved for leave to amend his complaint. ROA.357. Without expressly ruling on Paul's motion, the district court adopted the magistrate judge's report and recommendation, granted both motions to dismiss based on the statute of limitations, and rendered a final judgment for defendants. ROA.401-04.

## SUMMARY OF ARGUMENT

The district court's judgment may be affirmed on any of several grounds Sabban asserted in his Rule 12(b)(6) motion. To begin, Paul did

---

[2] A Section 1983 claim is a statutory cause of action for damages against state actors alleged to have violated a citizen's constitutional rights. 42 U.S.C. § 1983.

not raise plausibility on appeal, permitting the Court to affirm without reaching any other issues.

As the district court determined, the face of Paul's complaint reveals that his claims are barred by limitations. Although Paul asks the Court to remand and instruct the district court to grant him leave to amend, Paul did not cite or argue the standards for challenging the district court's implicit denial of his motion for leave. Paul thus showed no error in that ruling and cannot defeat limitations as a ground supporting dismissal of his claims.

Paul asked the district court to recognize new *Bivens* claims. He acknowledges that his purported claims arise in a new context but fails to confront overwhelming authority limiting *Bivens* to specific factual scenarios. Because this case does not fall within those scenarios, Paul's purported *Bivens* claims fail as a matter of law.

Finally, Paul pleaded insufficient facts to overcome Sabban's qualified-immunity defense. Paul had to plead specific facts showing violation of a clearly established constitutional right. Because he did not do so, qualified immunity is an independent ground for affirmance.

## ARGUMENT

Dismissal under Rule 12(b)(6) for failure to state a claim "is proper when, accepting all well-pled facts as true, the plaintiff has not stated a plausible claim for relief." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (factual allegations must "raise a right to relief above the speculative level"). The Court must not accept as true "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336-37 (5th Cir. 2019) (cleaned up). "An otherwise plausible claim may also be doomed by a procedural impediment, like a statute of limitations or similar bar." *Stringer*, 986 F.3d at 506.

Paul cannot overcome these standards here. The district court's judgment must be affirmed.

## I.     Paul Waived Any Error in the District Court's Judgment by Failing to Contest Lack of Plausibility as an Independent Ground for Affirmance.

Sabban presented several grounds for dismissal in addition to the statute of limitations,: (1) Paul's *Bivens* claims fail as a matter of law because they do not exist and should not be created by the district court; (2) Paul's Fifth Amendments takings claims[3] fail as a matter of law because no takings occurred; (3) all of Paul's claims fail under the plausibility standard because Paul alleged only conclusory statements and naked assertions devoid of factual enhancement; and (4) Sabban is entitled to qualified immunity from suit, and Paul alleged no specific facts to overcome that defense. ROA.107-16.

This Court may affirm the district court's dismissal under Rule 12(b)(6) on any ground supported by the record. *George v. SI Grp., Inc.*, 36 F.4th 611, 620 (5th Cir. 2022). Although the district court based its dismissal only on the statute of limitations, the other grounds covered all the remaining claims. ROA.113-16.

---

[3] Paul abandoned and did not respond to Subban's argument that no takings occurred as a matter of law. *See* ROA.165-66. He does not raise that issue on appeal.

Paul's opening brief raised the *Bivens* and qualified-immunity issues, but he fails to address lack of plausibility as an alternative ground for affirmance. By this omission, Paul has waived any complaint on that issue. *See Snapt Inc. v. Ellipse Commc'ns Inc.*, 430 F. App'x 346, 351 (5th Cir. 2011) (failure to contest alternative ground for judgment constitutes waiver and is sufficient grounds to affirm); *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

Because Paul waived any argument that dismissal for lack of plausibility was error, this Court may affirm the dismissal without addressing any issue raised in Paul's brief. *See U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 439 n.24 (5th Cir. 2014) (noting that "[w]hen an appellant challenges only one of the district court's alternative holdings, any argument that the alternative holding was in error is waived," and the appeal as to that claim "necessarily fails"); *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 472 (5th Cir. 2004) (dismissal under Rule 12(b)(6) may be affirmed on alternative grounds not relied on by the district court). Even so, Paul has

not established error on the grounds he raises, each of which independently support affirmance.

## II. The District Court's Judgment Should Be Affirmed on the Statute of Limitations.

### A. Paul Has Shown No Error in the Implicit Denial of His Motion for Leave to Amend the Complaint.

After the magistrate judge issued her report and recommendations, Paul sought leave to amend his complaint, ostensibly to add facts supporting an accrual date that would defeat the statute of limitations. *See* ROA.357. The motion for leave was not ruled on before the district court accepted the magistrate's report and recommendations and issued its final judgment. *See* ROA.401-04. On appeal, Paul asks the Court to reverse and remand the case to the district court with instructions to grant his motion for leave. *See* Appellants' Br. at 13, 22.

By rendering final judgment without disposing of the motion for leave, the district court impliedly denied the motion. *See Wilen v. City of San Antonio*, 20 F.3d 466 (5th Cir. 1994); *Davis v. United States*, 961 F.2d 53, 57 n. 6 (5th Cir. 1991). To obtain the relief he seeks, Paul had to challenge this implied order on appeal and show that the district court abused its discretion. *See Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019). Having provided no supporting briefing, Paul has not

established his entitlement to a remand. *See* Fed. R. App. P. 28(a)(9) (requiring brief to contain contentions, reasons for them, and citations to authority and record).

Paul also has not shown on appeal that he could have added any facts to an amended complaint supporting a different conclusion on limitations. His motion for leave provided no such facts, and he did not attach a proposed amended complaint to show what those facts would be if leave were granted. *See* ROA.357-59. Thus, allowing Paul to amend his complaint would have been futile, and the district court did not err in declining leave. *See Rogers v. Boatright*, 709 F.3d 403, 411 (5th Cir. 2013) (recognizing futility as ground for denying leave to amend and concluding that district court did not err by denying leave to claimant showing no additional facts supporting different result).

## B. The Face of the Complaint Reveals That Paul Brought Suit Beyond the Two-Year Limitations Period.

The statute of limitations for a *Bivens* claim is borrowed from state-law claims for personal injury. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The same is true for a Section 1983 claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In

Texas, the relevant limitations period is two years. *Id.*; *Brown*, 188 F.3d at 590. Thus, the two-year statute governs all of Paul's claims.

Although the limitations period for these claims is provided by state law, federal law governs when these claims accrued. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994); *Brown*, 188 F.3d at 589. Under federal law, the statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 51 F.3d at 516; *see Wallace v. Kato*, 549 U.S. 384, 391 (2007) (citing the "traditional rule of accrual" that limitations begins to run "when the wrongful act or omission results in damages," even if "the full extent of the injury is not then known or predictable"). The plaintiff "need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Piotrowski*, 51 F.3d at 516.

Paul filed this lawsuit on October 21, 2021. ROA.7. If Paul's claims accrued more than two years before that date, then his claims are untimely and are barred by limitations.

Paul's claims accrued more than two years before October 21, 2021. Through his presence at the execution of the search warrants on August 17, 2019, Paul knew that a Fourth Amendment search—in his view, an unlawful search—was being conducted, and that he was allegedly being detained incident to that search. *See* ROA.7, 10; *see Moore*, 30 F.3d at 621 (plaintiff "certainly possessed the critical facts concerning the allegedly unreasonable search of the car on the day it occurred"); *Jaramillo v. Renner*, 697 Fed. App'x 326, 326 (5th Cir. 2017) (unpublished) (Section 1983 claim under Fourth Amendment accrued on date of search and seizure); *Humphreys v. City of Ganado, Tex.*, 467 Fed. App'x 252, 255 (5th Cir. 2012) (unpublished) (same). Even if Paul were unaware of the details surrounding the application for the search warrants at that time, he had sufficient personal knowledge to form a belief (correct or not) that there was no probable cause to search his properties. *See Piotrowski*, 51 F.3d at 516. Alternatively, he at least had sufficient information to lead a reasonable person to investigate further. *Id*.

Paul contends that aspects of his claims accrued "on or after October 21, 2019"—within the two-year limitations period—because that is when Paul allegedly incurred or discovered his economic damages.

Appellants' Br. at 15. To the extent Paul intends to tie the accrual date
to his alleged receipt of a copy of a search warrant on October 21, 2019,
ROA.11, he fails to explain how that event triggered economic damages.

Paul's theory that his claims accrued as his alleged consequential
damages appeared departs from United States Supreme Court precedent
and black-letter tort law. *See Wallace v. Kato*, 549 U.S. 384, 388, 391
(2007). The "standard rule" is that a claim accrues "when the plaintiff
has a complete and present cause of action," meaning he may "file suit
and obtain relief." *Id.* at 388 (cleaned up). Accrual occurs "even though
the full extent of the injury is not then known or predictable." *Id.* at 391.
The rule must work this way to work at all. "Were it otherwise, the
statute would begin to run only after a plaintiff became satisfied that he
had been harmed enough, placing the supposed statute of repose in the
sole hands of the party seeking relief." *Id.*

*Wallace* illustrates how this rule applies here. There, the plaintiff
alleged that his Section 1983 claim for false imprisonment accrued on the
date he was released from custody because he was "seeking damages up
to that time." *Id.* at 391. The Supreme Court disagreed, holding his claim
accrued when his false imprisonment ended, even if his consequential

damages may have been incurred later. *Id*. The same is true for Paul. His claims accrued when he was allegedly injured by the wrongful searches and seizures of his property, even if various forms of consequential damages like "loss of economic opportunities" may have developed later.

Paul cites no case law supporting his argument that a cause of action can be fractured into multiple claims all accruing at different times as different consequential damages are realized. That is not the law and would result in the precise problem the Supreme Court sought to avoid in *Wallace*. A plaintiff cannot hold his accrual date hostage by claiming he continues to suffer new consequential damages. Like other alleged victims of wrongful searches and seizures, Paul's claims accrued when the allegedly wrongful searches and seizures happened, not months later when he decided he was sufficiently damaged.

Because Paul's remaining *Bivens* and Section 1983 claims accrued more than two years before he filed this lawsuit, those claims are barred by the statute of limitations. The district court correctly dismissed them, and its final judgment should be affirmed.

## III.   The Record Supports Affirmance on Two Other Grounds.

### A.   Appellants' *Bivens* Claims Fail as a Matter of Law.

Unlike the statutory Section 1983 cause of action, a *Bivens* claim is an implied cause of action that exists only where the courts recognize it. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Today, *Bivens* claims are generally limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Id.* (citations omitted).

If an alleged *Bivens* claim departs from those three specific factual scenarios, it presents a "new context" in which courts must decide whether to extend *Bivens* by recognizing a new cause of action. *Id.* The "new context" analysis is incredibly strict. *See Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019). If there is any meaningful difference between this case and one of the trio of permissible *Bivens* cases, the context is new. *Id.* And a "meaningful" difference can be as simple as an officer holding a different rank or a search taking place at an office instead of a

home. *Id*. at 423; *Oliva*, 973 F.3d at 443. The context can be new even if "a plaintiff asserts a violation of the same clause of the same [constitutional] amendment in the same way" as in a recognized *Bivens* case. *Cantu*, 933 F.3d at 422. Thus, Paul rightly concedes this case presents a "new context" for a *Bivens* claim. *See* Appellants' Br. at 19.

The only question left is whether this Court should "engage in the disfavored judicial activity of recognizing a new *Bivens* action." *Oliva*, 973 F.3d at 443. As a practical matter, the answer to the question "should the court extend *Bivens*?" is always "no." *Id*.; *Cantu*, 933 F.3d at 421 ("Since 1980, however, the [United States Supreme] Court has refused every *Bivens* claim presented to it." (quotation marks omitted)). Courts must refrain from creating new *Bivens* claims any time the "remarkably low" threshold showing of any "special factor counseling hesitation" is made. *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). And as the Supreme Court recently held, the "uncertainty" created by a potential *Bivens* claim arising in a "new context" is itself "a special factor that forecloses relief." *See Egbert v. Boule*, 142 S. Ct. 1793, 1803-04 (2022).

Other "special factors" counsel against creating a new cause of action for Paul. For example, Congress has already created a "statutory

scheme for torts committed by federal officers," meaning judicial activism is unnecessary. *Cantu*, 933 F.3d at 423 (citing 28 U.S.C. § 2680(h)); *Oliva*, 973 F.3d at 444. And Congress has not created a statutory *Bivens* claim, which at this point must be intentional. *Byrd v. Lamb*, 990 F.3d 882 (5th Cir. 2021); *Oliva*, 973 F.3d at 444; *Cantu*, 933 F.3d at 423.

This Court has declined to extend *Bivens* to the same kind of claim Paul makes here: a Fourth Amendment claim that officers falsified affidavits. *Cantu*, 933 F.3d at 423. Paul's failure to cite *Cantu* is telling. *Cantu* is on all fours with Paul's allegations, and Paul simply has no answer for its holding.

In sum, the *Bivens* claims Paul alleged present a "new context" requiring this Court to decide whether to recognize a novel form of *Bivens* claim. More than four decades of United States Supreme Court precedent and several recent Fifth Circuit opinions have explained why it is not appropriate for the federal courts to continue creating causes of action in this context. If the Court reaches this issue, it should decline to extend *Bivens* and should affirm the district court's judgment on this independent ground.

**B.    Dismissal Was Proper Based on Qualified Immunity.**

Sabban also asserted his qualified immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The plaintiff must do so by "plead[ing] specific facts to overcome the defense." *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021). That means pleading specific facts establishing both (1) the violation of a constitutional right, and (2) that the right in question was clearly established at the time. *Id*.

Paul cannot meet that burden because he has only made conclusory statements tracking the elements of his claims. ROA.12-17. The Court cannot accept those perfunctory allegations as true. *Benfield*, 945 F.3d at 336-37. The Court is therefore left with a complaint containing no relevant factual allegations whatsoever, which is plainly insufficient to meet Paul's burden. Thus, if reached, the Court should affirm the district court's judgment on the ground of qualified immunity.

## CONCLUSION

The district court's judgment should be affirmed.

Respectfully submitted,

BUTLER SNOW LLP

By:  /s/ D. Todd Smith

D. Todd Smith
Texas Bar No. 00797451
todd.smith@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
(737) 802-1800

Randy T. Leavitt
Texas Bar No. 12098300
randy@randyleavitt.com
LAW OFFICES OF RANDY T. LEAVITT
1301 Rio Grande
Austin, Texas 78701
(512) 476-4475

*Counsel for Appellee Rani Sabban*

## CERTIFICATE OF SERVICE

On April 28, 2023, I e-filed this brief using the Fifth Circuit's CM/ECF system. All counsel of record are registered CM/ECF users and will be served by the CM/ECF system.

/s/ D. Todd Smith

Attorney of Record for Appellee
Rani Sabban

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Rule 32(f), this document contains 3,429 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook. Footnotes are in 12-point Century Schoolbook in compliance with Fifth Circuit Rule 32.1.

*/s/ D. Todd Smith*
Attorney of Record for Appellee
Rani Sabban

Dated: April 28, 2023