No. 22-51113

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

NATIN PAUL; WORLD CLASS HOLDING COMPANY L.L.C.;
WORLD CLASS HOLDINGS MANAGEMENT, L.L.C.,

Plaintiffs-Appellants,

v.

RANI A. SABBAN, INVESTIGATOR, TEXAS STATE SECURITIES BOARD, in his individual capacity; PRESTON JOY, SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION, in his individual capacity,

Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Texas, Austin Division,
No. 1:21-CV-954 (Hon. Lee Yeakel)

**REPLY BRIEF FOR APPELLANTS**

Jose Vela Jr.
Clark Hill, PLC
909 Fannin Street, Suite 2300
Houston, Texas 77010
Tel: 713.951.5607
Fax: 713.951.5660
jvela@clarkhill.com

Counsel for Appellants

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

ARGUMENT ................................................................................................................. 1

    I.    PLAINTIFFS' CLAIMS FOR INJURIES ARE NOT BARRED BY THE STATUTE OF LIMITATIONS ......................................................................................... 1

    II.    SPECIAL FACTORS DO NOT COUNSEL HESITATION AGAINST AN EXTENSION OF *BIVENS* TO PLAINTIFFS' CLAIMS ................................................... 4

    III.    DEFENDANTS SABBAN OR JOY ARE NOT ENTITLED TO QUALIFIED IMMUNITY ................................................................................................. 8

    IV.    GRANTING THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT IS APPROPRIATE ................................................................... 9

    V.    THE PLAINTIFFS DO NOT WAIVE THEIR CLAIMS FOR PERSONAL INJURIES OR PROPERTY DAMAGE .......................................................... 11

CONCLUSION ........................................................................................................... 11

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
    403 U.S. 388 (1971)..................................................................1, 2, 3, 5, 7, 10

*Briggs v. Miss.*,
    331 F.3d 499 (5th Cir.2003)..................................................................10

*Davis v. U.S.*,
    564 U.S. 229 (2011)..............................................................................7

*Franks v. Delaware*,
    438 U.S. 154 (1978)...........................................................................7, 8

*Greater Houston Transp. Co. v. Phillips*,
    801 S.W.2d 523 (Tex. 1990)..................................................................1

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)..............................................................................8

*Hogan v. United States*,
    42 Fed. Appx. 717 (6th Cir. 2002)........................................................2

*Jones v. Robinson Prop. Grp., LP*,
    427 F.3d 987 (5th Cir.2005)................................................................10

*Lanuza v. Love*,
    899 F.3d 1019 (9th Cir. 2018)..............................................................5

*Lavellee v. Listi*,
    611 F.2d 1129 (5th Cir. 1980)..............................................................1

*Mayeaux v. La. Health Serv. and Indent. Co.*,
    376 F.3d 420 (5th Cir.2004)................................................................10

*Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*,
    No. 1:11-CV-542-LY, 2013 WL 12093755 (W.D. Tex. Jan. 31, 2013)..............4

*Patty v. United States*,
    2015 WL 1893584 (S.D. Tex. 2015)....................................................7

*Pearson v. Callahan*,
    555 U.S. 223 (2009)..............................................................................9

*Pena v. United States*,
    157 F.3d 984 (5th Cir.1998)..................................................................1

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001)................................................................1

*Sharyland Water Supply Corp. v. Alton*,
    354 S.W.3d 407 (Tex. 2011)................................................................4

*Schiller v. Physicians Res. Grp. Inc.*,
    342 F.3d 563 (5th Cir.2003)..................................................................9

*United States v. Kubrick*,
  444 U.S. 111 (1979)………………………………………………………………1
*United States v. Ortega*,
  854 F.3d 818 (5th Cir. 2017)……………………………………………………8
*Ziglar v. Abbasi*,
  137 S.Ct. 1843 (2020)………………………………………………………...9

**Statutes**

U.S. Const. amend. IV………………………………………………… 2, 5, 8, 10
28 U.S.C. § 2679(b)(1)……………………………………………………….8
28 U.S.C. § 2679(b)(2)(A)……………………………………………………7
28 U.S.C. § 2679(d)(1)……………………………………………………….8
42 U.S.C. § 1983……………………………………………………..1, 2, 3, 4, 10
28 C.F.R. § 50.15……………………………………………………………….7
Fed. R. App. P. 28(c)…………………………………………………………1, 11
Fed. R. Civ. Proc. 15(a)(2)…………………………………………………...9
Fed. R. Civ. Proc. 12(b)(6)………………………………………………….10
Fed. R. Crim. P. 12(b)(3)(C)………………………………………………….7

**Other Authorities**

Restatement (Second) of Torts § 9 …………………………………………….1
Restatement (Second) of Torts §§ 430-432, 435A ………………………...2
Restatement (Second) of Torts § 433A …………………………………...2

The Appellants file this Reply to the Appellees' briefs and in support of Appellants' appeal pursuant to Rule 28(c) of the Federal Rules of Appellate Procedure.

I. **Plaintiffs' Claims For Injuries Are Not Barred By The Statute of Limitations**

The Plaintiffs' filed their Complaint on October 21, 2021, within two years of learning the identities and conduct of Sabban and Joy. In Texas, the statute of limitations for a *Bivens* or § 1983 claim is two years from the date when a plaintiff knows his/her injury and the identity of the responsible person. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir.1998). A *Bivens* claim accrues upon knowledge of the injury and the identity of the responsible person. *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980); *See United States v. Kubrick*, 444 U.S. 111, 122 (1979). Courts apply a state's statute of limitations for personal injury tort claims in the state where the *Bivens* or § 1983 claim arises. Similarly, courts may apply the elements of a *prima facie* tort claim to a plaintiff's *Bivens* or § 1983 claims.

To make a tort claim, generally requires a plaintiff to allege that: (1) a tortfeasor (2) committed a tort or tortious act (3) that caused an injury in fact to an interest belonging to the plaintiff. *See Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990); *Restatement* (Second) of Torts § 9 (1965). An injury to a person (e.g., broken arm), an injury to personal property (e.g., smashed automobile windows), and

1

an injury to a business (e.g., loss of business contracts) are distinct injuries and the mere coincidence in time or tortious act does not make these injuries into one injury or one claim. *See Hogan v. United States,* 42 Fed. Appx. 717, 722 (6th Cir. 2002); *Restatement* (Second) of Torts § 433A (1965). Each claim for a distinct injury requires a causal connection (proximate cause) between a tort and the injury. *See* Restatement (Second) of Torts §§ 430-432, 435A. In the context of a *Bivens* or § 1983 claim, an intentional constitutional violation (e.g., Fourth Amendment) that results in distinct injuries raises separate claims corresponding to each distinct injury. A search by a police officer during a traffic stop that results in the stopped driver's personal injuries (e.g., broken nose, collapsed lung, death) but no property damages (e.g., undamaged automobile) raises only one claim, a claim for personal injuries. In contrast, a search by a police officer of an unattended parked automobile that results in property damages (e.g., shattered windows, busted headlights, dented automobile body) raises only one claim, a claim for property damages. These two distinct injuries, one to a person and one to personal property are two distinct claims regardless of the timing, location, or perpetrator of the injuries.

　　Defendants attempt to conflate distinct injuries of personal injury, property damage, and business damage into one injury or as consequential damages flowing from a personal injury. Medical expenses, paint and suffering, and lost wages may be considered consequential damages resulting from personal injuries. Property damages (injury to personal property) or business damages (injury to a business) are not

consequential damages flowing from a personal injury. Defendants erroneously seek to expand the reach of consequential damages horizontally across other distinct injuries as opposed to vertically (e.g., medical expenses). Additionally, the Defendants attempt to reduce a *Bivens* or § 1983 claim to simply a tort without regard for injuries. They state that the *Bivens* or § 1983 claim accrued at the time of the search regardless of the type, location, or time of any resulting injuries. This fails to follow the established principles of tort jurisprudence including the elements for a *Bivens* or § 1983 claim. The cases cited or quoted by the Defendants require the presence of an injury for a *Bivens* or § 1983 claim to accrue and start the limitations period. None of these cases stand for the Defendants' proposition that a *Bivens* or § 1983 claim accrues and the limitations clock starts on the mere occurrence of the act alone.

The Plaintiffs' Complaint raises separate claims for distinct injuries suffered as a proximate cause of the Defendants' intentional constitutional violations. These distinct claims are independent of each other and not consequential damages flowing from personal injuries. The Plaintiffs raised a claim for personal injuries, a claim for property damages, and a claim for business damages. Each claim is separately subject to the two year statute of limitations. On the date of the searches, the Plaintiffs did not know the identities of Rani Sabban or Preston Joy. On that date, the Plaintiffs did not know of any damage to their respective businesses. On October 21, 2019, the Plaintiffs received copies of the search warrants. ROA. 11. On February 10, 2020, the

Plaintiffs learned of Rani Sabban and Preston Joy's identities and conduct related to the searches and ensuing injuries. ROA. 390.

Plaintiffs' *Bivens* or § 1983 claim for personal injuries and claim for property damage accrued no earlier than October 21, 2019, when the Plaintiffs received the search warrants and no later than February 10, 2020, when Plaintiffs learned the identities of Sabban and Joy and their conduct. The Plaintiffs did not suffer business damages prior to October 21, 2019. Plaintiffs' *Bivens* or § 1983 claim for business damages accrued no earlier than October 21, 2019, when the Plaintiffs received the search warrants.

Should the Court determine that the Plaintiffs' claims for personal injuries and property damages accrued on the date of the search and barred by the statute of limitations, the Plaintiffs' claim for business damages survives as those damages were not known prior to October 21, 2019, and are not barred by the statute of limitations. Under Texas law, a plaintiff may pursue a claim for business damages in the absence of a claim for personal injuries and property damages. *Sharyland Water Supply Corp. v. Alton*, 354 S.W.3d 407, 415, 418 (Tex. 2011). The Plaintiffs' claim for business damages may proceed in the absence of a claim for personal injuries and property damages. *See Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 1:11-CV-542-LY, 2013 WL 12093755, at *8 (W.D. Tex. Jan. 31, 2013).

## II. Special Factors Do Not Counsel Hesitation Against an Extension of *Bivens* to Plaintiffs' Claims

Contrary to Defendants' arguments, there are no special factors that would counsel hesitation against expanding *Bivens* to claims for injuries caused by law enforcement officers who obtain search warrants through their sworn false testimony before a federal magistrate judge. *See Lanuza v. Love,* 899 F.3d 1019, 1028 (9th Cir. 2018); Individuals and businesses have a compelling interest in protecting their person, property, and business from intentional constitutional violations (e.g., Fourth Amendment). They have an equal interest in receiving compensation for injuries suffered to their person, property, or business as a result of an intentional constitutional violation. The government has an interest in developing investigative policies, conducting criminal investigations, and managing investigative expenses. The government's investigative interests are not necessarily at odds with an individual or business' interests. Searching an individual or business for any purpose other than a legitimate government investigation is not in the interest of the government, individual, or business. Likewise, giving false testimony to obtain a search warrant is not in anyone's interest. The injuries and financial cost to affected individuals or businesses can be significant. Similarly, the government's wasteful expenditure of investigative resources on an illegitimate criminal investigation may cost it the opportunity to adequately conduct legitimate criminal investigations. Holding individual law enforcement officers accountable for the injuries they cause through

their intentional constitutional violations is appropriate and furthers the interests of individuals, businesses, and the government.

In the present case, the Plaintiffs' claims do not infringe upon: (1) the government's lawful policies and procedures, (2) the government's lawful investigations, or (3) the government's lawful prosecution of crimes. The key question is whether a law enforcement officer's perjured testimony should be protected in furtherance of the government's otherwise lawful policies, procedures, investigations, or prosecutions and whether injured individuals and businesses should be denied compensation for their injuries.

The Defendants say yes as they seek to expand horizontally the special factors to include the protection of law enforcement officers' perjured testimony against innocent individuals and businesses. The Defendants seek complete deference or absolute immunity for law enforcement officers that would allow them to present false testimony to obtain search warrants with impunity. The Defendants' desired outcome would protect all criminal investigations regardless of the nature, size, location, age, or legitimacy. Worse, the Defendants want this special protection for any conduct labeled a criminal investigation, real or imagined, and without any judicial oversight or inquiry.

The Plaintiffs respectfully disagree with the Defendants and state that not every criminal investigation merits such consideration and not all law enforcement officer conduct is in furtherance of a criminal investigation. In the present case, there is no

evidence of the existence of a criminal investigation. If there was one, the criminal investigation has ended, was declined by the U.S. Attorney's Office, or is stale. No law enforcement investigative activities have occurred in several years after the search. In the clear absence of any bona fide criminal investigation, there are no special factors that would counsel against an expansion of *Bivens*. The Defendants have not offered any evidence to the District Court, *in camera* or otherwise, that there is a bona fide criminal investigation or that Plaintiffs' claims would in fact deprive the government of pursuing legitimate criminal investigations. As for the cost to defend law enforcement officers, the government has the choice to deny representation of or payment of judgments for law enforcement officers who commit perjury to obtain a search warrant. *See* 28 C.F.R. § 50.15.

The Defendants reliance on criminal procedures or the Federal Tort Claims Act (FTCA) are misplaced here. For one, the government has not initiated and may never initiate a criminal proceeding. In which case, motions to exclude evidence are not and would not be available. Further, motions to exclude evidence do not redress claims for injuries caused by intentional constitutional violations. *Davis v. U.S.*, 564 U.S. 229, 231 (2011); Fed. R. Crim. P. 12(b)(3)(C); *Franks v. Delaware*, 438 U.S. 154 (1978). The FTCA is a limited waiver of the United States' sovereign immunity that allows for certain tort claims to be pursued against the United States. The FTCA makes clear that it does not waive sovereign immunity for a federal employee's violation of the Constitution. 28 U.S.C. § 2679(b)(2)(A); *Patty v. United States*, 2015

7

WL 1893584, at *6. Additionally, the FTCA does not waive the United States' sovereign immunity for claims of injuries to a business. 28 U.S.C. § 2679(b)(1). The Defendants' perjured testimony is outside the scope of their federal employment and not covered by the Westfall Act. 28 U.S.C. § 2679(d)(1).

### III. Defendants Sabban or Joy Are Not Entitled to Qualified Immunity

The United States Supreme Court holds that a law enforcement officer violates the Fourth Amendment when he knowingly and intentionally or with reckless disregard for the truth presents an affidavit with false statements in support of an application for a search warrant that would not otherwise issue for lack of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). The Fifth Circuit adopted and applies the Supreme Court's *Franks* decision to its cases. *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017). Contrary to Defendants' argument, this was clearly established law in the United States, the Fifth Circuit, and Texas at the time of the searches subject of this case. Sabban and Joy are charged with prior knowledge of this clearly established constitutional right to be free of searches conducted with void search warrants obtained through knowing and intentional false testimony to a federal magistrate judge.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). To defeat a qualified immunity defense, a

8

plaintiff must allege sufficient facts to establish a violation of a constitutional right and at the time of defendant's alleged misconduct, the constitutional right was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In light of prior law, the unlawfulness of defendant's conduct must be apparent and qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law. *Ziglar* at 1867.

The Plaintiffs have alleged that Sabban and Joy knowingly and intentionally presented false testimony to a federal magistrate judge in order to get a search warrant without probable cause. ROA.9-10, 12-13, 15-16. Sabban and Joy are not entitled to qualified immunity from civil liability for the distinct injuries especially the injury to business sustained by the Plaintiffs.

### IV. Granting The Plaintiffs' Motion For Leave To Amend Their Complaint Is Appropriate

The District Court did not rule on the Plaintiffs' motion for leave to amend their complaint. The Defendants argue that the dismissal order implicitly denied the Plaintiffs' motion. We respectfully disagree and believe that the District Court did not rule on their motion. Generally, a district court's denial of a motion to amend is reviewed for abuse of discretion. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir.2003). Should this Court determine that the District Court's dismissal order affectively denied the Plaintiff's motion, the Court reviews the denial for abuse of discretion. Rule 15(a)(2) of the Federal Rules of Civil Procedure requires a trial court

9

to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend. *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir.2005). The district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* A court of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indent. Co.*, 376 F.3d 420, 426 (5th Cir.2004). Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir.2003). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id.*

Satisfying the statute of limitations, the Plaintiffs have at a minimum alleged a *prima facie Bivens* or § 1983 case against Joy and Sabban under the Fourth Amendment. For purposes of a motion to dismiss, the Plaintiffs' factual allegations must be taken as true. Sabban and Joy's false testimony to a federal magistrate judge, and unlawful search violated Plaintiffs' Fourth Amendment rights and resulted in distinct personal injuries, property damages, and business damages. The Plaintiffs' Complaint provided Sabban and Joy adequate notice of the nature of the Plaintiffs' claims against them. The Complaint identified the specific search warrants, the fraudulent affidavit, searches, and injuries suffered. The Defendants possess copies of the search warrants and the affidavit. Allowing Plaintiffs to amend their Complaint will not prejudice Defendants or unduly delay the proceedings. This was the Plaintiffs first and only request to amend their Complaint to address the U.S. Magistrate's

report and recommendation. For these reasons, the District Court abused its discretion in denying the Plaintiffs' motion for leave to amend their Complaint.

### V. The Plaintiffs Do Not Waive Their Claims for Personal Injuries or Property Damage

The Plaintiffs pursue their claims for personal injuries and property damage in their Complaint, response to the Defendants' motions to dismiss, and reply to Defendants' appellees' briefs. Although the appellants' brief did not specifically address these claims, the Plaintiffs did address these claims in response to the Defendants' appellees' briefs as permitted by Rule 28(c) of the Federal Rules of Appellate Procedure.

### CONCLUSION

For the foregoing reasons, the District Court's judgment should be reversed and the case remanded back to the District Court with instructions to grant the Plaintiffs' motion for leave to amend their Complaint.

Respectfully submitted,

CLARK HILL PLC

BY: /s/ *Jose Vela Jr.*
Jose Vela Jr.
Attorney in Charge
Texas State Bar No. 24040072
909 Fannin Street, Suite 2300
Houston, Texas 77010
713.951.5607
713-951-5660 (fax)
jvela@clarkhill.com
Counsel for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing reply brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                /s/ *Jose Vela Jr.*
                                                JOSE VELA JR.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2685 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word for Office 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Jose Vela Jr.*
JOSE VELA JR.